UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROGELIO BLACKMAN HINDS, A035-197-709,

        Petitioner,

        -v-                             15-CV-120-JTC

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES ("USCIS"),

        Respondent.

---

## INTRODUCTION

Petitioner Rogelio Blackman-Hinds, an alien currently detained at Buffalo Federal Detention Facility pursuant to a final order of removal, has filed a petition pursuant to 8 U.S.C. § 1421(c) seeking de novo review of a decision of the United States Citizenship and Immigration Services ("USCIS"), dated January 27, 2015, which denied his Form N-400 Application for Naturalization, based upon a conviction of an offense qualifying as an "aggravated felony" under Section 101(a)(43)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance). *See* Dkt. No. 5-5, pp. 27-28. Respondent moves pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim upon which relief can be granted, and for entry of summary judgment in its favor pursuant to Fed. R. Civ. P. 56, on the ground that petitioner is statutorily ineligible for naturalization due to his criminal conviction for an aggravated felony controlled substance offense.

For the reasons that follow, respondent's motion is granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner is a native and citizen of Panama who was admitted to the United States on August 25, 1975, at New York, New York, as a lawful permanent resident. Dkt. No. 5-3 (Declaration of Adam Gallagher), ¶ 3. On April 1, 1994, petitioner was convicted in the United States District Court for the Eastern District of New York, of conspiracy to distribute cocaine under 21 U.S.C. §§ 841(B)(1)(A), 851, possession with intent to distribute cocaine under 21 U.S.C. §§ 841(b)(1)(B) and (C), 851, and also of firearms offenses under 18 U.S.C. §§ 922, 924. *Id.* at ¶ 5. Petitioner was sentenced on these convictions to a term of 20 years incarceration, and supervised release for a period of 10 years. *Id.*

On January 14, 2014, petitioner filed with USCIS a Form N-400 application for naturalization through active-duty service in the Armed Forces during a qualified period of military hostilities, pursuant to INA Section 329 (8 U.S.C. § 1440), based upon his service in the United States Marine Corps during the Vietnam War. *Id.* at ¶ 6. In order to be eligible for naturalization under INA Section 329(a), the alien or noncitizen national must have served honorably as a member of the Selected Reserve of the Ready Reserve or in an active-duty status in the military, air, or naval forces of the United States during designated periods of time and, if separated from military service, the person must have been "separated under honorable conditions …." 8 U.S.C. § 1440(a).

USCIS records reflect that on August 28, 2014, following several months' delay in processing petitioner's application due to his failure to provide appropriate documentation of honorable discharge from the military (*see* Dkt. No. 5-4, pp. 20-30), petitioner appeared for a naturalization interview at the USCIS Buffalo Field Office. Dkt. No. 5-3, ¶ 13. On

September 12, 2014, Field Office Director Sheila Embry issued a decision denying petitioner's N-400 Application for Naturalization, finding that petitioner was permanently ineligible for naturalization because he was unable to demonstrate good moral character based on his conviction of an aggravated felony on or after November 29, 1990. *See* Dkt. No. 5-4, pp. 39-42 (citing INA Sections 316(a)(3), 101(f)(8) (8 U.S.C. §§ 1427(a)(3), 1101(f)(8)); 8 C.F.R. § 316.10(b)(1)(ii)[1]).

Petitioner subsequently filed with USCIS a Form N-336 Request for a Hearing on a Decision in Naturalization Proceedings, along with an attached letter-brief setting forth the primary contention that, as an honorably discharged Vietnam veteran, his application for naturalization was improperly adjudicated under the requirements of INA Sections 316 and 101(f)(8) (imposing a *per se* statutory bar to a finding of good moral character where the applicant has been convicted of an aggravated felony), instead of INA Section 329 (which, according to petitioner, requires a military veteran applicant to show good moral character only for a period of one year prior to the filing of the application for naturalization). *See* Dkt. No. 5-5, pp. 2-26. Petitioner also submitted with the Form N-336 a complete and legible copy of his Form DD-214 Certificate of Release or Discharge from Active Duty. *Id.* at 7.

On January 27, 2015, USCIS issued its final administrative determination reaffirming the denial of petitioner's naturalization application on the ground that petitioner is

---

[1]8 C.F.R. § 316.10(b)(ii) provides:

(1) An applicant shall be found to lack good moral character, if the applicant has been:
...
(ii) Convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990.

permanently ineligible for naturalization because he is unable to demonstrate that he is a person of good moral character due to his conviction of an aggravated felony on or after November 29, 1990. *Id.* at 35. The decision explained that petitioner's original Form N-400 application was adjudicated under INA Section 316, rather than INA Section 329, because petitioner had failed to submit documentation certifying his honorable discharge, and that his subsequent submission of a complete and legible copy of Form DD-214 in support of his Form N-336 application allowed his appeal to be reviewed pursuant to INA Section 329. *Id.* The decision also explicitly rejected petitioner's argument that the statutory bar should not apply to military veterans, finding a clear indication of congressional intent that all persons convicted of aggravated felonies should be permanently barred from naturalization. *Id.* at 36.

Petitioner then filed this *pro se* petition on February 2, 2015, seeking judicial review of the USCIS' January 27, 2015 determination, raising the same grounds as he raised in his N-336 appeal. *See* Dkt. No. 1. In response, USICS filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the petition for failure to state a plausible claim upon which relief can be granted, and for summary judgment pursuant to Fed. R. Civ. P. 56, on the ground that petitioner's 1994 conviction of an aggravated felony offense renders him unable to prove his good moral character as required by the immigration statute, and permanently ineligible for naturalization, as a matter of law.

## DISCUSSION

Pursuant to 8 U.S.C. § 1421(c), applicants for naturalization may seek judicial review of an adverse USCIS decision in federal district court. The review is *de novo*, and

the court is not limited to the administrative record, and may rely on facts established in the district court. *Chan v. Gantner*, 464 F.3d 289, 291 (2d Cir. 2006). "The applicant bears the burden of establishing that he is entitled to naturalization," and may do so by demonstrating that he has "met all statutory requirements for becoming a naturalized citizen." *Rivera v. U.S. Citizenship & Immigration Servs.*, 5 F. Supp. 3d 439, 442 (S.D.N.Y. 2014) (citing *Berenyi v. Dist. Dir., Immigration & Naturalization Servs.*, 385 U.S. 630, 637 (1967)). Should he fail to do so, summary judgment in favor of the government may be appropriate. *Chan*, 464 F.3d at 295–96.

The requirements for naturalized citizenship are set forth at INA Sections 312 and 316 (8 U.S.C. §§ 1423, 1427). Those requirements include, among other things, that the applicant must have resided continuously in the United States as a lawful permanent resident for the five years preceding the filing of his application, and that during that period he was, and remains, "a person of good moral character." INA Section 316(a)(3) (8 U.S.C. § 1427(a)(3)). However, a person is precluded from establishing "good moral character" if (i) he has been convicted of an aggravated felony and (ii) that conviction occurred after November 29, 1990, the date on which the aggravated felony bar was added to the INA. *See* 8 U.S.C. § 1101(f)(8); *see also Chan*, 464 F.3d at 293 (quoting 8 U.S.C § 1101(a)(43)); *Boatswain v. Gonzales*, 414 F.3d 413, 418 (2d Cir. 2005).

Petitioner does not dispute that his 1994 federal drug trafficking convictions qualify as aggravated felonies under the INA. *See Lopez v. Gonzales*, 549 U.S. 47, 60 (2006) (finding that state convictions for crimes that would be punishable as felonies under the Controlled Substances Act of 1970, and amendments suffice to constitute aggravated

felony convictions for immigration purposes); *Nolan v. Holmes*, 334 F.3d 189, 192 (2d Cir. 2003) (conviction for possession with intent to distribute cocaine constitutes an aggravated felony). Petitioner's central contention on judicial review here, as it was at the administrative adjudication level, is that the permanent "aggravated felony bar" to naturalization imposed by §§ 1427(a)(3) and 1101(f)(8) should not apply to a naturalization application filed under § 1440. Following the controlling precedent of *Boatswain v. Gonzalez*, this contention must be rejected.

Like petitioner here, Mr. Boatswain was a Vietnam War veteran who had been convicted of a qualifying aggravated felony after November 29, 1990. He argued on judicial review of the administrative denial of his naturalization application that he should be considered exempt from both the "good moral character" requirement of § 1427(a) and the permanent bar of § 1101(f)(8) because his application was filed under the wartime veteran provisions of § 1440. The Second Circuit ultimately rejected this argument, finding first that "there is no longer any question … that § 1440 contains a good moral character requirement." *Boatswain*, 414 F.3d at 416 (citing *Nolan v. Holmes*, 334 F.3d 189 (2d Cir. 2003)). With regard to the statutory bar, the Second Circuit thoroughly examined the relationship between §§ 1101(f)(8) and 1440, ultimately finding that "the statutory bars contained in 8 U.S.C. § 1101(f), including § 1101(f)(8)'s 'aggravated felony' bar, apply to the good moral character requirement of 8 U.S.C. § 1440 …," *id.* at 418, and that Mr. Boatswain was therefore permanently barred from naturalization.

The same result must apply here. As set forth above, the undisputed record before the court clearly establishes that petitioner was convicted in 1994 of a federal drug trafficking offense, which qualifies as an aggravated felony offense under 8 U.S.C.

§ 1101(a)(43)(B). Accordingly, petitioner "is barred by 8 U.S.C. § 1101(f)(8) from demonstrating the good moral character requisite to naturalization under 8 U.S.C. § 1440," *Boatswain*, 414 at 419, and is ineligible for naturalization as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the petition is denied, and the case is dismissed.

It is further ordered that certification pursuant to 28 U.S.C. § 1915(a)(3) be entered stating that any appeal from this Judgment would not be taken in good faith and therefore leave to appeal as a poor person should be denied. *Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of the Court is directed to enter judgment in favor of respondent, and to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: September 1, 2015
p:\pending\2015\15-120.1421.aug19.2015